UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                            2:11-cr-80-FtM-29SPC

ALFREDO J. SARARO, III
_____

**ORDER**

This matter comes before the Court on the government's Motion In Limine to Preclude Cross-Examination of Government Witness Related to Prior Conviction (Doc. #53) filed on July 23, 2012. The Court heard oral argument on July 24, 2012.

Government witness Michael Meehan was convicted in 1993 of Conspiracy to distribute Methamphetamine and Money Laundering, and received a sentence of five years probation. Defendant seeks to elicit these convictions in his cross-examination, while the government seeks to preclude such examination *in limine*. Luce v. United States, 469 U.S. 38, 40 n.2 (1984)(in a broad sense, a motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered").

Evidence of any felony criminal conviction "must be admitted, subject to Rule 403, in a . . . criminal case in which the witness is not a defendant; . . ." Fed. R. Evid. 609(a)(A). However, if more than ten years have passed since the witness's conviction or release from confinement for the conviction, evidence of the

conviction is admissible only is "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and the proponent gives written notice of the intent to use the conviction. Fed. R. Evid. 609(b). Assuming a term of probation is "confinement" within the meaning of the Rule, more than ten years has passed since Meehan's completion of five years probation in approximately 1998.

In the Eleventh Circuit, there is a presumption against the use of prior crime impeachment evidence over ten years old, and such convictions will be admitted very rarely and only in exceptional circumstances. United States v. Pritchard, 973 F.2d 905, 908 (11th Cir. 1992). "The danger in admitting stale convictions is that while their remoteness limits their probative value, their prejudicial effect remains." Id. at 908. The Court considers the impeachment value of the prior conviction, the passage of time and the witness's conduct since the conviction, the similarity between the convicted conduct and the charged crime, the importance of the witness's testimony, and the centrality of the witness's credibility. Id., 973 F.2d at 908-09.

The Court finds that the probative value of the convictions at issue is substantially outweighed by undue prejudice. While it appears that Meehan is an important government witness, the other facts weigh against admissibility of the prior convictions. None of the events which are the subject to prosecution occurred during

Meehan's probationary period, and the court does not find specific facts and circumstances have been articulated which support admission. While this may change as the evidence is elicited at trial, the government's *in limine* motion is due to be granted.

Accordingly, it is now

**ORDERED**:

The government's Motion In Limine to Preclude Cross-Examination of Government Witness Related to Prior Conviction (Doc. #53) is **GRANTED**. Defendant may not inquire of Michael Meehan's prior criminal convictions without express permission of the Court.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of July, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record